The opinion of the Court was delivered by
Wardlaw, J.
Prom the report made in this case by the Commissioner of Special Bail, we suppose that the suggestion contained only a general charge of fraud and three specifications, which are set forth in the report, and that the only witness examined was the defendant. Nothing has been said at the bar to correct this supposition, if it is erroneous.
If the specifications alleged only a fraudulent assignment, the verdict for the defendant is well supported by evidence that Stevenhagen, the assignee, was a bona fide creditor. Crayton & Sloan vs. Dickerson, 3 McC. 438; Bulwinkle vs. Grube, 5 Rich. 286.
The specifications nowhere speak of Stevenhagen as a creditor, and do not contain 'the word preference. It appears from the report that, on the argument before the Commissioner of Special Bail, acts of the defendant were said by the plaintiffs’ attorney to constitute undue and fraudulent preference;- but that to this the answer was made in behalf of the defendant, that those acts did not amount to a fraudulent assignment, and that the specifications alleged fraudulent assignment and not undue preference.
It may be that if a charge of undue preference had been made with proper specifications, that charge might have been sustained; 1 Hill, 291; 2 Hill, 418 ; 10 Rich. 238 ; but it may be also that in that case other evidence in defence *111 would have been adduced sufficient to rebut the charges. Hutchinson vs. Love, 1 Spear, 145.
The suggestion must, contain the charges and specifications to which the verdict must answer; Robinson & Caldwell vs. Amy, 1 Rich. 29; and the verdict must answer with reference to each charge and specification that it is true or untrue. Headley & Street vs. Jordon, 2 Rich.454. The latter is required by the diversity of effect which, under the Act of 1788, 5 Stat. 79, different charges have when established against the applicant for relief from imprisonment; 2 McC. 80; and the former is no less required by the principles of justice, which would be violated by any ambiguity in the notice given to the applicant of the matters to be decided in a trial so important to him. The general charges under the seventh section of the Act of 1788 are, false schedule, fraudulent sale, conveyance or assignment, (2 Bail. 682,) and undue preference within three months, (Cavan vs. Dunlap, Chev. 245,) under each of which may be specifications according to the facts of the case, giving definiteness to the general charge.
“The purpose of hindering and preventing the said plaintiffs from being paid,” mentioned in the third specification here, is suitable to either fraudulent assignment or undue preference; and if there had been an allegation that Steven-hagen was a creditor, possibly the statement of evidence instead of fact, which this specification contains, coupled with the purpose and the creditor-assignee, might have been indulged so far as to be considered an allegation of undue preference. Something like this was done in Bulwinkle vs. Grube, 5 Rich. 294. But we cannot go beyond the indulgence extended in that case.
“ Within three months,” contained in the third specification, does not convert fraudulent assignment into undue preference. It serves only to give some precision to an allegation which, without it, would be wholly indefinite as to time. It seems to have been introduced under a notion, which may very well *112 have been suggested by the words of the seventh section of the Act of 1788, that a fraudulent assignment as well as an undue preference was required to be within three months of the confinement. This notion has been corrected by decisions. Gray vs. Schroeder, 2 Strob. 139.
Leave to amend has' not been asked on the part of the plaintiffs. It would be unreasonable to grant such leave after a verdict upon the issues joined. Bentley vs. Pope, 2 McMul. 53. It would be no less so to set aside a verdict, which is a just response to the questions submitted, because the evidence shows that a different verdict might have been rendered if another question had been submitted.
The motion is dismissed.
Dunkin, C. J., and Inglis, A. J., concurred.

Motion dismissed.